O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| N.T.A.A, INC.; RYAN ROBINSON,<br>Plaintiffs,<br><br>v.<br>NORDSTROM, INC.; NIKE, INC.,<br>AND DOES 1 through 10, Inclusive<br>Defendants. | Case No.: 2:21cv00398–DDP (AGRx)<br><br>**ORDER RE: ATTORNEYS' FEES** |

On February 10, 2023, this Court entered an Order awarding Nike its reasonable attorney fees in connection with the investigation of Clover Dallas and directing Nike to submit a supplemental declaration breaking out and itemizing any such expenses. (Dkt. No. 106 at 15.) Nike thereafter filed a declaration itemizing a total of $195,617.18 in fees and costs. (Dkt. 115, Declaration of Tamar Y. Duvdevani, ¶49). Having considered Nike's declaration, as well as Ryan Robinson's opposing declaration (Dkt. 127), the Court adopts the following Order.

Rule 37 provides for an award of "reasonable expenses, including attorney's fees, caused by the failure" to disclose information, as Robinson did here. Fed. R. Civ. P. 37. Courts must calibrate discovery sanctions "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to

1  such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey*
2  *Club, Inc.*, 427 U.S. 639, 643 (1976). In making this assessment as to attorneys' fees awards,
3  courts consider such factors as: (1) reasonableness of fees; (2) the minimum to deter; (3)
4  ability to pay; (4) severity of violation. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494,
5  508 (D. Md. 2000) (analogizing discovery sanctions to Rule 11 sanctions, "because Rule
6  37, much like Rule 11, is designed to deter future misconduct during discovery")
7  (internal citations and quotations omitted).

8       Of note here, the Court must balance Robinson's stated inability to pay (Dkt. 127
9  at ¶ 7) with the need to deter Robinson and future litigants from flouting discovery
10 obligations. The Court considers in its calculus the fact that, less than a month after the
11 initial sanctions order and three days before he was scheduled to turn over electronically
12 stored information to Nike, Robinson reported that his phone, laptop, and external hard
13 drive had been stolen from his car. (Dkt. 112-3). Robinson had apparently turned off the
14 "Find My" device feature immediately before the theft. (Dkt. 112-6). Without making a
15 finding on whether Robinson engaged in spoliation, the Court acknowledges that the
16 circumstances surrounding the theft are, at minimum, suspicious enough to make
17 deterrence a high priority in this order.

18      Although Nike claims its fees are "conservative," their nearly two-hundred-
19 thousand-dollar total is excessive. In particular, Nike incurred more than a hundred
20 thousand dollars preparing for the hearing, including $7,002.45 for a visual designer.
21 Duvdevani Decl. ¶ 39.

| Fee Category | Requested Fees | Adjusted Fees |
| --- | --- | --- |
| Reply fees | $25,976.44 | $25,976.44 |
| Colley Intelligence | $35,489.65 | $35,489.65 |
| Nick Bareiro | $8,337.50 | $8,337.50 |

| | | |
|---|---|---|
| Working with consultants | $22,380.05 | -- |
| Prep for hearing | $103,433.54 | $37,546.375 |
| Total | $195,617 | $107,349.96 |

The Court has adjusted these fees for reasonableness and in consideration of Robinson's inability to pay. Specifically, the Court has reduced the hearing preparation fees to $37,546.375 to represent one third, rather than ninety percent, of the time Nike spent preparing for hearing. The Court has also eliminated the ancillary $22,380.05 of time DLA Piper spent working with outside consultants, as this work seems duplicative of the fees spent directly on consultant fees. Plaintiffs are hereby ordered to pay $107,349.96 in attorneys' fees as a sanction for discovery misconduct, pursuant to the Court's February 2, 2023, order. (Dkt. 106).

**IT IS SO ORDERED.**

DATED: September 5, 2023

          **DEAN D. PREGERSON**
          **United States District Judge**